## COMPOSITE EXHIBIT "A"

Filing # 149710240 E-Filed 05/17/2022 09:43:16 AM

IN THE CIRCUIT COURT OF THE 1ST CIRCUIT IN & FOR OKALOOSA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MARTIN O. RODRIGUEZ,                   :    CASE NO.     2022 CA 001511 F
                                       :
                 Plaintiff,            :
                                       :
vs.                                    :
                                       :
DCD INC OF THE EMERALD                 :
COAST and STELIAN RAC,                 :
                                       :
                 Defendants.           :
                                       :
_____/

## FLSA AND FDUTPA COMPLAINT

Plaintiff, MARTIN O. RODRIGUEZ, sues Defendants, DCD INC OF THE EMERALD COAST ("DCD") and STELIAN RAC (the "Owner"), and alleges as follows:

### INTRODUCTION

1.     This is an action by Plaintiff against Defendants pursuant to the Fair Labor Standards Act ("FLSA") and Florida Deceptive & Unfair Trade Practices Act (the "FDUTPA"), based on Defendants' improper and illegal decision to misclassify him as an independent contractor instead of an employee, and for Defendants' willful failure to pay Plaintiff for his overtime.

1

2.     By way of this lawsuit, Plaintiff seeks all damages and relief allowed by law under the FLSA and the FDUTPA, including but not limited to front pay, back pay, interest, and attorney's fees and costs, as well as all other remedies allowed by the FLSA and the FDUTPA, specifically injunctive relief.

## JURISDICTION, PARTIES, AND VENUE

3.     The amount in dispute in these proceedings exceeds the sum of $30,000.00, exclusive of interest, costs and attorneys' fees.

4.     At all times material, Plaintiff worked for Defendants in Okaloosa County, Florida.

5.     DCD is a Florida corporation with its principal place of business in Destin, Okaloosa County, Florida.

6.     The Owner had operational control of the DCD and was involved in the day-to-day functions of the DCD.

## GENERAL ALLEGATIONS

7.     Plaintiff worked for Defendant as a Plasterer at different periods of time. Plaintiff's latest stint was from December 2017 to May 2021.

8.     For the entire time that Plaintiff worked for Defendants, Defendants improperly and illegally classified Plaintiff as an independent contractor despite controlling all aspects of Plaintiff's work.

2

9.      The purpose of Defendants' misclassification of Plaintiff was to avoid paying employer payroll taxes, general liability, workers' compensation obligations, payment to unemployment compensation fund, and other requirements imposed exclusively on employers, like Defendants.

10.     Furthermore, Defendants had another purpose of misclassifying Plaintiff as an independent contractor, so that Defendants would not have to pay Plaintiff any overtime premium for any hours of work over forty per week.

11.     Upon information and belief, additional employees of Defendants are and/or have been misclassified as independent contractors and have not been paid overtime for their hours of work over forty per week.

## COUNT I
## FAILURE TO PAY OVERTIME UNDER THE FLSA AGAINST THE DCD

12.     The allegations of ¶¶ 1-11 are realleged and incorporated herein by reference.

13.     Upon information and belief, DCD had a gross revenue in excess of $500,000.00 per annum at all times material to this action.

14.     DCD misclassified Plaintiff as an independent contractor, but he was an "employee" as defined by the FLSA.   DCD controlled all aspects of Plaintiff's work.

15.     Plaintiff regularly and customarily worked an average of sixty (60) hours per week, i.e., twenty (20) hours of overtime per week.

16.     At all times material, Plaintiff's regular rate of pay was $20.00 per hour and he was a non-exempt employee.

17.     Plaintiff was paid his regular hourly rate for all hours work, including overtime, without being paid an overtime premium.

18.     Plaintiff seek to recover from DCD unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

19.     Concurrent jurisdiction is confered on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. § 216(b).

20.     DCD is and was, and at all times pertinent to this Complaint, engaged in interstate commerce and is otherwise subject to the FLSA.  By reason of the foregoing Defendants are and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

21.     By reason of his employment with DCD, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a), and he was engaged in commerce or in the production of goods for

4

commerce.  The work performed by Plaintiff was directly essential to those interstate activities described in ¶20 above, which was directly essential to the business performed by the DCD.  Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

22.     At all times material hereto, DCD failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked unpaid hours for DCD in violation of the FLSA.

23.     Plaintiff was and is entitled to be paid overtime pay for all hours worked over 40 per work week.

24.     DCD knew and/or showed reckless disregard of the provisions of the FLSA concerning the non-payment of overtime by their failure to pay Plaintiff overtime pay in accordance with the FLSA.

25.     By reason of the said intentional, willful and unlawful acts of the DCD, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.  As a result of the DCD's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the DCD for payment of all his owed overtime for which he has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT II
### FAILURE TO PAY OVERTIME UNDER THE FLSA AGAINST THE OWNER

26.     The allegations of ¶¶ 1-11 are realleged and incorporated herein by reference.

27.     At all times material, the Owner was and is the owner and corporate officer of DCD.  The Owner was Plaintiff's employer and acted directly or indirectly in the interests of DCD in relation to its employees, including Plaintiff.  The Owner had operational control of DCD, was involved in day-to-day functions of DCD, and is Plaintiff's "employer" as defined by the FLSA. DCD is and was, and at all times pertinent to this Complaint, engaged in interstate commerce and is otherwise subject to the FLSA.

28.     The Owner misclassified Plaintiff as an independent contractor, even though Plaintiff  was an "employee" as defined by the FLSA.   The Owner controlled all aspects of Plaintiff's work, and is jointly liable for Plaintiff's damages.

29.     Plaintiff regularly and customarily worked an average of sixty (60) hours per week, i.e., twenty (20) hours of overtime per week.

30.     At all times material, Plaintiff's regular rate of pay was $20.00 per hour and he was a non-exempt employee.

31.     Plaintiff was paid his regular hourly rate for all hours work, including overtime, without being paid an overtime premium.

32.     Plaintiff seek to recover from the Owner unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

33.     Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. § 216(b).

34.     By reason of his employment with the Owner and DCD, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a), and he was engaged in commerce or in the production of goods for commerce.   The work performed by Plaintiff was directly essential to those interstate activities described in ¶27 above, which was directly essential to the business performed by DCD.   Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

35.     At all times material hereto, the Owner failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked unpaid hours for the Owner in violation of the FLSA.

36.     Plaintiff was and is entitled to be paid overtime pay for all hours worked over 40 per work week.

37.     The Owner knew and/or showed reckless disregard of the provisions of the FLSA concerning the non-payment of overtime by their failure to pay Plaintiff overtime pay in accordance with the FLSA.

38.     By reason of the said intentional, willful and unlawful acts of the Owner, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.  As a result of the Owner's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Owner for payment of all his owed overtime for which he has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT III
## FDUTPA CLAIMS AGAINST DCD

39.     The allegations of ¶¶ 1-11 are realleged and incorporated herein by reference.

40.     The FDUTPA renders unlawful and unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

41.    Through its business, DCD during all relevant times, has been engaged in trade or commerce as defined by the FDUTPA and that the DCD's acts as described herein ultimately harm consumers and/or the consuming public.

42.    During the course of Plaintiff's employment with DCD, DCD intentionally misclassified Plaintiff as an independent contractor..

43.    In fact, DCD engaged in a pattern and practice of misclassifying many and/or all of its employees as independent contractors.

44.    DCD's misclassification of employees as independent contractors, upon information and belief, continues to occur.

45.    DCD's consistent misclassification of employees, like Plaintiff, has resulted in substantial cost savings to DCD and has provided DCD with an unfair competitive advantage against its competitors who comply with their legal obligations.

46.    Additionally, as an additional substantial and unfair cost advantage, DCD fails and refuses to pay its employees that are improperly labeled as independent contractors for their overtime work as provided above (Count I) causing substantial harm and damages to Plaintiff and DCD's competition.

47.    Among other things, DCD has avoided paying employer payroll taxes, general liability, contributing to unemployment competition fund, paying for workers'

compensation insurance for its employees, as well as failing to pay overtime to its employees like Plaintiff.

48.     DCD's misclassification has also damaged Plaintiff by, among other things, depriving Plaintiff of legally obligated wages and exposing Plaintiff to higher tax obligations because DCD has not paid its share of payroll taxes..

49.     FDUTPA allows any "person" who has suffered a loss under the FDUTPA to file suit thereunder.   The FDUTPA also provides that even where a plaintiff has not suffered "damages," such a plaintiff is nevertheless entitled to injunctive relief.

50.     Plaintiff is, therefore, protected by the FDUTPA.

51.     Upon information and belief, DCD will continue to misclassify employees as independent contractors without court intervention.

WHEREFORE, Plaintiff respectfully request that the Court:

a.     Enter judgment for Plaintiff against DCD;

b.     Award Plaintiff damages under the FDUTPA;

c.     Enjoin DCD from further violation of the FDUTPA;

d.     Award attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## <u>FDUTPA CLAIMS AGAINST THE OWNER</u>

52.     The allegations of ¶¶ 1-11 are realleged and incorporated herein by reference.

53.     During all relevant times, the Owner has been and is DCD's President and/or CEO.  In this capacity, the Owner is personally responsible for devising the unlawful scheme to consistently misclassify DCD's employees as independent contractors and to also refuse to pay such misclassified employees earned pay and/or compensation.

54.     The Owner devised the unlawful misclassification and underpayment scheme to avoid paying wages, employer payroll taxes, general liability, contributing to the unemployment compensation fund, and paying for workers' compensation insurance for all DCD's employees, like Plaintiff.

55.     As an architect of the FDUTPA violations, the Owner is personally liable for his misconduct.   <u>See</u> <u>KC Leisure, Inc. v. Haber</u>, 972 So.2d 1069 (Fla. 5th DCA 2008); <u>Rollins, Inc. v. Heller</u>, 454 So.2d 580 (Fla. 3rd DCA 1984).

56.     The Owner's misconduct directly caused Plaintiff's damages and/or harm.

11

57.     The misclassification and non-payment has damaged Plaintiff by, among other things, depriving him of pay, exposing him to higher tax obligations because the DCD has not paid its share of payroll taxes and depriving Plaintiff of his earned overtime premium.

58.     Upon information and belief, the Owner will continue to misclassify and fail to pay employees as independent contractors without court intervention.

WHEREFORE, Plaintiff respectfully request that the Court:

a.      Enter judgment for Plaintiff against Irwin;

b.      Award Plaintiff damages under the FDUTPA;

c.      Enjoin the Owner from further violation of the FDUTPA;

d.      Award attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just & proper.

## **JURY TRIAL DEMAND**

Plaintiffs demand trial by jury for Counts I-IV.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net
Juliana Gonzalez
Fla. Bar No. 54660
juliana@ljmpalaw.com
office@mglegalgroup.com
MG Legal Group
3126 Center St.
Coconut Grove, FL 33133
Tel (305) 448-9557
Fax (305) 448-9559

*Counsel for Plaintiff*

13

IN THE CIRCUIT COURT OF THE 1ST
CIRCUIT IN & FOR OKALOOSA COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

MARTIN O. RODRIGUEZ, : CASE NO. 2022 CA 001511 F
         :
   Plaintiff,  :
         :
         :
vs.        :
         :
DCD INC OF THE EMERALD :
COAST and STELIAN RAC, :
         :
   Defendants. :  **SUMMONS**
         :
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

  YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this action on Defendant DCD INC OF THE EMERALD COAST, **BY
SERVING, PURSUANT TO F.S. §48.091:**

   Registered Agent:  STELIAN RAC
         175 MAIN STREET, UNIT 5883
         DESTIN, FL 32541

  If service cannot be made on the Registered Agent because of failure to comply
with F.S. § 48.091, service of process shall be permitted on any employee at the
corporation's place of business.

  **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR
PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

  1. The president or vice president, or other head of the corporation; and/or
in his or her absence;

1

2.     The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.     Any director; and in the absence of all of the above; or

4.     Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

MG Legal Group, P.A.
Counsel for Plaintiff
3126 Center St.
Coconut Grove, Florida 33133
Tel No.: (305) 448-9557
Fax No.: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net
juliana@ljmpalaw.com
office@mglegalgroup.com

Attention:  LAWRENCE J. McGUINNESS, ESQ.
and JULIANA GONZALEZ, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____05/18_____, 2022.

Clerk of the Court


By: _Krystina Morgan_____
as Deputy Clerk

"If you are a person with disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Boulevard**
> **Fort Walton Beach, Florida 32547**
> **Phone (850) 609-4700 Fax (850) 651-7725**
> **ADA.Okaloosa@flcourts1.gov**

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE 1ST
CIRCUIT IN & FOR OKALOOSA COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

MARTIN O. RODRIGUEZ, : CASE NO. 2022 CA 001511 F
       :
   Plaintiff,  :
       :
vs.      :
       :
DCD INC OF THE EMERALD :
COAST and STELIAN RAC, :
       :
   Defendants. :
       :
_____/

## SUMMONS: PERSONAL SERVICE ON A NATURAL PERSON

**TO: STELIAN RAC**
  **175 MAIN STREET, UNIT 5883**
  **DESTIN, FL 32541**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the plaintiff's attorney named below.

1

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el bribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

MG Legal Group, P.A.
Counsel for Plaintiff
3126 Center St.
Coconut Grove, Florida 33133
Tel No.: (305) 448-9557
Fax No.: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net
juliana@ljmpalaw.com
office@mglegalgroup.com

Atención:  LAWRENCE J. McGUINNESS, ESQ.
and JULIANA GONZALEZ, ESQ.


## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause

3

ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme di-dessous.

MG Legal Group, P.A.
Counsel for Plaintiff
3126 Center St.
Coconut Grove, Florida 33133
Tel No.: (305) 448-9557
Fax No.: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net
juliana@ljmpalaw.com
office@mglegalgroup.com

Atención:  LAWRENCE J. McGUINNESS, ESQ.
and JULIANA GONZALEZ, ESQ.

Filing # 152737746 E-Filed 07/06/2022 08:07:45 AM

IN THE CIRCUIT COURT OF THE 1ST
CIRCUIT IN & FOR OKALOOSA COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

MARTIN O. RODRIGUEZ,                 :     CASE NO. 2022-CA-001511-F
                                     :
            Plaintiff,               :
                                     :
vs.                                  :
                                     :
DCD INC OF THE EMERALD               :
COAST and STELIAN RAC,               :
                                     :
            Defendants.              :
                                     :
_____/

## <u>NOTICE OF FINAL SERVICE</u>

Plaintiff, MARTIN O. RODRIGUEZ, by and through his undersigned counsel, and pursuant to the Court's Order to Plaintiff Regarding Required Reporting, files this Notice of Final Service and states that the last Defendant has been served on 6/29/22.

Pursuant to the Court's Order to Plaintiff Regarding Required Reporting, Plaintiff sates that this case should be designated as general as defined in First Judicial Circuit Administration Order 2021-12.   Plaintiff does not know whether Defendants concur in this designation as Defendants have not entered an appearance yet.

1

<u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing document was served on 7/06/22 via U.S. Mail on Stelian Rac (personally and as Registered Agent for the corporate defendant), 395 Twin Lakes Dr., Destin, FL 32541.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net
Juliana Gonzalez
Fla. Bar No. 54660
juliana@ljmpalaw.com
office@mglegalgroup.com
MG Legal Group
3126 Center St.
Coconut Grove, FL 33133
Tel (305) 448-9557
Fax (305) 448-9559

*Counsel for Plaintiff*

**2022 CA 001511 F - RODRIGUEZ, MARTIN O vs. DCD INC OF THE EMERALD COAST**

## SUMMARY

| | | |
|---|---|---|
| Judge: | Court Type: | Case Type: |
| POLSON, MARY K | Circuit Civil | DISCRIMINATION - EMPLOYMENT OR OTHER |
| Case Number: | Uniform Case Number: | Status: |
| 2022 CA 001511 F | 462022CA001511FXXXXX | OPEN |
| Clerk File Date: | Status Date: | Waive Speedy Trial: |
| 5/18/2022 | 5/18/2022 | ☐ |
| Total Fees Due: | Booking Number: | Agency: |
| 0.00 | | |
| Agency Report Number: | Custody Location: | |

## PARTIES

| TYPE | PARTY NAME | ADDRESS | ATTORNEY |
|---|---|---|---|
| JUDGE | POLSON, MARY K | OKALOOSA COUNTY COURTHOUSE ANNEX EXTENSION 1940 LEWIS TURNER BLVD. FORT WALTON BEACH, FL 32547 | |
| PLAINTIFF | RODRIGUEZ, MARTIN O | 3126 CENTER STREET COCONUT GROVE, FL 33133 | MCGUINNESS, LAWRENCE J (Main Attorney) Email: LJM@LJMPALAW.COM |
| DEFENDANT | DCD INC OF THE EMERALD COAST | 175 MAIN STREET UNIT 5883 DESTIN, FL 32541 | |
| DEFENDANT | STELLAN RAC | 175 MAIN STREET UNIT 5883 DESTIN, FL 32541 | |
| ATTORNEY | MCGUINNESS, LAWRENCE J Email: LJM@LJMPALAW.COM | 3126 CENTER STREET COCONUT GROVE, FL 33133 | |
| ATTORNEY | GONZALEZ, JULIANA Email: juliana@ljmpalaw.com | 3126 CENTER STREET COCONUT GROVE, FL 33133 | |

## PARTY DISPOSITIONS

| PARTY NAME | CLAIM DATE | CLAIM AMOUNT | DISPOSITION | DISPOSITION DATE |
|---|---|---|---|---|
| DCD INC OF THE EMERALD COAST | | 0.0000 | | |
| RODRIGUEZ, MARTIN O | | 0.0000 | | |
| STELLAN RAC | | 0.0000 | | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | OVER | OVERAGE GREATER THAN $10.00 | $20.00 | $20.00 | $0.00 | $0.00 | | |
| | | | | | Total Outstanding: | $0.00 | | |
| 1 | VCIVL | CIRCUIT CIVIL FILING FEE | $400.00 | $400.00 | $0.00 | $0.00 | | |
| 2 | SITF | SUMMONS SERVICE FEE CIRCUIT CIVIL | $20.00 | $20.00 | $0.00 | $0.00 | | |
| 3 | OVERCLERK | OVERAGE LESS THAN $10.00 | $10.00 | $10.00 | $0.00 | $0.00 | | |
| | | | | | Total Outstanding: | $0.00 | | |

## RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| 6/30/2022 | 2022026016 | $10.00 |
| 6/29/2022 | 2022025779 | $0.00 |
| 5/18/2022 | 2022019906 | $440.00 |

## CASE DOCKETS

| DIN | IMAGE | CODE | DATE | ENTRY |
|---|---|---|---|---|
| 19 | 2 | NOFS | 7/6/2022 | NOTICE OF FINAL SERVICE |
| 18 | 1 | RECEIPT | 6/30/2022 | PAYMENT $0.00 RECEIPT #2022026016 |
| 17 | | 9999 | 6/30/2022 | OVERAGE LESS THAN $10.00 ASSESSED $10.00 |

| DIN | IMAGE | CODE | DATE | ENTRY |
|-----|-------|------|------|-------|
| 16 | 1 | RECEIPT | 6/30/2022 | RECEIPT # 2022025779 MODIFIED: PAYMENT $0.00 VOID |
| 15 | | EMAIL | 6/30/2022 | EMAIL SENT- RECIPIENTS: GONZALEZ, JULIANA; MCGUINNESS, LAWRENCE J SUBJECT: SERVICE OF COURT DOCUMENT - 2022 CA 001511 F, RODRIGUEZ, MARTIN O VS. DCD INC OF THE EMERALD COAST ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: RFAS-6/28/2022 |
| 13 | 1 | RECEIPT | 6/29/2022 | PAYMENT $10.00 RECEIPT #2022025779 |
| 14 | 2 | RFAS | 6/28/2022 | REQUEST FOR ALIAS SUMMONS AS TO DCD INC OF THE EMERALD COAST DENIED - NO PROOF OF SERVICE |
| 12 | 1 | RECEIPT | 5/18/2022 | PAYMENT $420.00 RECEIPT #2022019906 |
| 11 | | EMAIL | 5/18/2022 | EMAIL SENT- RECIPIENTS: MCGUINNESS, LAWRENCE J SUBJECT: SERVICE OF COURT DOCUMENT - 2022 CA 001511 F, RODRIGUEZ, MARTIN O VS. DCD INC OF THE EMERALD COAST ATTACHMENT COUNT: 3 EMAILDOCKETDESCRIPTIONS: SIT-5/18/2022,OPR-5/18/2022 |
| 10 | 2 | OPR | 5/18/2022 | ORDER TO PLAINTIFF RE REQUIRED REPORTING |
| 8 | 4 | SIT | 5/18/2022 | SUMMONS ISSUED TO: STELIAN RAC |
| 7 | 3 | SIT | 5/18/2022 | SUMMONS ISSUED TO: DCD INC OF THE EMERALD COAST |
| 6 | 3 | CIVS | 5/18/2022 | CIVIL COVER SHEET |
| 9 | 13 | CFD | 5/18/2022 | FLSA AND FDUTPA COMPLAINT |
| 5 | | 9999 | 5/18/2022 | OVERAGE GREATER THAN $10.00 ASSESSED $20.00 |
| 4 | | 9999 | 5/18/2022 | SUMMONS SERVICE FEE CIRCUIT CIVIL ASSESSED $20.00 |
| 3 | | a002 | 5/18/2022 | JUDGE POLSON, MARY K: ASSIGNED |
| 2 | | CASEOPEN | 5/18/2022 | CASE FILED 05/18/2022 CASE NUMBER 2022 CA 001511 F |
| 1 | | 9999 | 5/18/2022 | CIRCUIT CIVIL FILING FEE ASSESSED $400.00 |